Argued and submitted January 3, reversed June 17, 2020

Pedro M. AGUILAR,
*Petitioner-Appellant,*

*v.*

Alina M. BADGER,
*Respondent-Respondent.*

Lane County Circuit Court
150813687; A170159

469 P3d 279

In this child custody modification case, father appeals the trial court's supplemental judgment changing custody of the parties' child, K, to mother. He assigns error to the court's ruling granting mother's motion to modify custody and argues, among other things, that the court incorrectly determined that there had been a change in circumstances sufficient to permit the court to modify custody. The court relied upon father's arrest and pending criminal charges for its change in circumstances finding. *Held*: The trial court erred in its change in circumstances determination. The evidence in the record did not support an inference that father's arrest or pending criminal charges, by themselves, adversely affected K's circumstances or father's ability to care for K. The Court of Appeals did not address father's additional arguments.

Reversed.

Debra E. Velure, Judge.

George W. Kelly argued the cause and filed the brief for appellant.

No appearance for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

MOONEY, J.

Reversed.

**MOONEY, J.**

In this child custody modification case, father appeals the trial court's supplemental judgment changing custody of the parties' child, K, to mother. In his sole assignment of error, father contends that the trial court erred when it granted mother's motion to modify custody. He argues that the court erred in incorrectly determining that there was a substantial change in circumstances and, further, in changing custody without analyzing the ORS 107.137 factors or K's best interests. For the reasons we explain below, we agree that the court erred, and we reverse.

Father asks us to exercise our discretion to review the record *de novo*. We exercise our discretion to review *de novo* only in exceptional cases and decline to do so here. ORAP 5.40(8). We review the change-in-circumstances determination for legal error, upholding the trial court's factual findings if supported by any evidence in the record. *Botofan-Miller and Miller*, 365 Or 504, 505, 446 P3d 1280 (2019). As part of that review, we "accept reasonable credibility choices that the court could have made." *Id.* at 505-06. "[I]f the trial court failed to articulate its factual findings on a particular issue, we assume that the trial court decided the facts in a manner consistent with its ultimate conclusions, as long as there is evidence in the record, and inferences that reasonably may be drawn from that evidence, that would support its conclusion[s]." *Id.* at 506. The following facts are relevant to our review and we state them consistently with our standard of review.

K was born in 2007. Mother and father were not married; paternity was established by father's acknowledgment on K's birth certificate. Father filed a petition for custody in June 2008. Mother accepted service of the petition and submitted a signed waiver of further appearance, consenting to entry of judgment as requested by father. There was, therefore, no trial, and judgment was entered according to the terms requested in father's petition. According to the judgment thus entered in July 2008, at that time, K lived with father and father's family in Oakridge. Mother lived in Salem.

In 2018, mother filed a motion seeking modification of the existing custody and parenting-time judgment so that K would come live with her and she would be the custodial parent. In her motion, mother alleged that a significant change of circumstances had occurred since the original judgment was entered that warranted changing custody to her—specifically that K "does NOT reside with [father] and should be with a parent." (Uppercase in original.) She also alleged that a change in custody would be in K's best interest because (1) K "expressed interest in wanting to live with mother rather than grandmother," (2) K would "have more access to sports and other school activities in Salem," and (3) "[m]other does not feel it's in [K]'s best interests to live with [father] due to [father's] extensive criminal history including assault charges."

Both parties, who represented themselves, presented evidence and testified at the custody-modification hearing, which was held in February 2019. Mother's evidence consisted of her own testimony, during which she played an audio recording of a conversation she had previously had with father,[1] a copy of father's recent indictment for assault constituting domestic violence, ORS 163.175, and a copy of his security release agreement. Father's evidence consisted of his own testimony. The court advised him not to discuss his pending criminal charge, and he did not do so. He did not offer any exhibits.

After the parties presented their cases, the trial court announced its decision on the record, stating, in part:

---

[1] The circumstances under which the recording was made are not entirely clear, although it appears that mother made it on her cell phone when father called her the day he was served with the modification pleading. She told the trial court that the recording included father "admitting that [K] had not been living with him for about five and a half years." There were no objections to playing the recording for the court under ORS 165.540, ORS 41.910, or otherwise. We note that, on the recording, father said, among other things, "I told [K] that if he wanted to go live with you, that's fine, but if he wanted to move in with me at my new house, he could." There are other conflicting statements on the recording about where K had been living, and there was no testimony as to where he was living at the time of the modification hearing. We note also that the trial court did not refer to the content of the recording in its findings or ruling. In fact, the court made no express findings with respect to whether K had been, or was, living with father.

"[T]he circumstances that have arisen here in our legal system have made—I make the findings that there's been a substantial change in circumstances justifying a change in custody in this situation.

"And so I make that finding that that is specifically relevant to [father's] capacity to take care of this child properly.

"And so once I've made that determination, then I review the current parenting schedule, as much as I can, for the best interests of the child, who is clearly flourishing where he is in Oakridge.

"But from the change in custody standpoint, and when you have parties that live as far apart as you do, with a child in school, where essentially my parenting time order is—I'll call it a flip-flop, where the majority of the time is going to be spent with [mother], who will have custody and enroll him in school, making sure that [father] has all rights to receive all that information."[2]

The trial court entered a supplemental judgment awarding mother sole custody of K and awarding parenting time to father.

Father appeals that judgment, assigning error to the court's "change-in-circumstances" and "best interests" rulings. He argues that (1) there was not a change in circumstances sufficient to modify custody and (2) even if there was, the court did not conduct the proper statutory analysis to determine whether a change in custody to mother was in K's best interest. Further, father argues that the court improperly relied on his pending criminal charge, which, without more, provides an insufficient basis to modify custody. ORS 107.135. He also argues that the court erred in failing to address the custody factors required by ORS 107.137 in reaching its best interests determination.

A parent who seeks to change custody must demonstrate that

"'(1) after the original judgment or the last order affecting custody, circumstances relevant to the capacity of either the moving party or the legal custodian to take care of the child properly have changed, and (2) considering

---

[2] The court did not make any additional findings relevant to our review.

the asserted change of circumstances in the context of all relevant evidence, it would be in the child's best interests to change custody from the legal custodian to the moving party.'"

*Botofan-Miller*, 365 Or at 520 (quoting *Boldt and Boldt*, 344 Or 1, 9, 176 P3d 388, *cert den*, 555 US 814 (2008)). The change in circumstances must be "material" to justify a change in custody, and a "material" change is "one that is adverse to the child's welfare." *Id.* To qualify as a change in circumstances sufficient to allow the court to revisit the question of custody, the change must have "'injuriously affected the child' or affected the custodial parent's 'ability or inclination to care for the child in the best possible manner.'" *Id.* at 520-21 (quoting *Boldt*, 344 Or at 9). In the absence of such a change in circumstances, the trial court may not proceed to the second step of the analysis. *Boldt*, 344 Or at 9.

The parent seeking a change in custody bears the burden of demonstrating that there has been a substantial change in circumstances since the controlling judgment. *State ex rel Johnson v. Bail*, 325 Or 392, 397, 938 P2d 209 (1997). The Supreme Court has explained that

> "[t]he rationale for the change-in-circumstances rule is that, unless the parent who seeks a change in custody establishes that the facts that formed the basis for the prior custody determination have changed materially by the time of the modification hearing, the prior adjudication is preclusive with respect to the issue of the best interests of the child under the extant facts."

*Id.* at 398. Thus, unless the moving parent demonstrates that the child's circumstances have materially changed from the preclusive judgment, a court cannot modify that judgment. *Id.*

We understand from the trial court's reference to "circumstances that have arisen here in our legal system" that it determined there was a change of circumstances based on father's arrest and pending charges. We conclude that the court's findings do not support its change-of-circumstances determination. Although "we accept reasonable inferences and reasonable credibility choices that the trial court could have made" to sustain a trial court's ruling,

the court's reliance on the pending criminal charges against father was not supported by any evidence that the charges affected K's circumstances or father's ability to care for K, or that would allow an inference that K's circumstances had materially changed. *Botofan-Miller*, 365 Or at 505-06. And, even if some relevant change could be inferred, there was no evidence to suggest that the conduct allegedly underlying the criminal charges was accurate or had materially changed K's circumstances since the 2008 custody determination. Moreover, even if the charges were ultimately shown to be accurate, "isolated incidents of misconduct" cannot support a change-in-circumstances determination when there is no evidence that the incidents have "had or threaten[] to have a discernible adverse effect" on a child. *Collins and Collins*, 183 Or App 354, 358, 51 P3d 691 (2002) (internal quotation marks omitted). Neither party testified about the effect of the arrest on K, if any, and neither the charging instrument nor the security-release agreement creates an inference that father's arrest affected K. Because there was no evidence to support the conclusion that father's arrest or the pending charges were related to K's circumstances, and because the court made no other findings with respect to the alleged change in circumstances, the record was not sufficient to support the court's change-in-circumstances ruling.[3] Because the trial court erred in its change-in-circumstances determination, we need not, and do not, address father's argument regarding the court's best interests determination. *Boldt*, 344 Or at 9.

Reversed.

---

[3] (1) Although mother alleged that the change in circumstances was that K "does not reside with father," the trial court made no findings with respect to where K had been living. However, even if the court implicitly found that K had not been living with father for some period of time, that fact, standing alone, does not provide a basis for concluding that any change in residence was "material." In other words, there is no basis for finding that any change in residence was "adverse to K's welfare." (2) We do not suggest that certain criminal conduct (*e.g.*, domestic violence committed against or in front of the child) or the implications of a parent's arrest (*e.g.*, incarceration, conviction) could not warrant a finding of a change in circumstances sufficient to permit the court to revisit custody; we hold only that proof of arrest is not, by itself, sufficient to find such a change when the parent is not in custody.