Argued and submitted December 30, 2020, reversed and remanded
February 3, 2021

Thomas Charles ELLIS,
*Petitioner-Appellant,*

*v.*

Shannon Marie KYKER,
*Respondent-Respondent.*

Jackson County Circuit Court
16DR06816; A172358

480 P3d 1048

In this child custody proceeding, father appeals a supplemental judgment that changed custody of the parties' minor child, A, from father to mother and adjusted the parties' parenting time. Father contends that there was insufficient evidence to support the trial court's determination—made after mother had withdrawn her motion to change custody—that there was a qualifying change of circumstances allowing for a change of custody. *Held*: The trial court erred in changing custody of A from father to mother. The evidence presented at the hearing was insufficient to support a determination that, since the last custody award, a change had injuriously affected either A or father's capacity or ability to care for A in the best possible manner.

Reversed and remanded.

Timothy C. Gerking, Judge.

Jamie Hazlett argued the cause for appellant. On the brief was Maryanne Pitcher.

No appearance for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

LAGESEN, P. J.

Reversed and remanded.

**LAGESEN, P. J.**

In this child custody proceeding, father appeals a supplemental judgment that changed custody of the parties' minor child, A, from father to mother and adjusted the parties' parenting time. We reverse and remand.

A parent seeking a change in child custody must show that, since the last custody decision, there has been a material change in circumstances "that is adverse to [the] child's welfare." *Botofan-Miller and Miller*, 365 Or 504, 520, 446 P3d 1280 (2019), *cert den*, ___ US ___, 141 S Ct 134 (2020). "[A] new development may be considered a legally sufficient change in circumstances only if it is shown that the change has 'injuriously affected the child' or affected the custodial parent's 'ability or inclination to care for the child in the best possible manner.'" *Id.* at 520-21 (quoting *Boldt and Boldt*, 344 Or 1, 9, 176 P3d 388, *cert den*, 555 US 814 (2008)). Whether an alleged change of circumstances is of the ilk that lawfully allows for a change of custody presents a question of law that we review for legal error where, as here, we do not exercise our discretion to review *de novo*. *Aguilar v. Badger*, 304 Or App 769, 770, 469 P3d 279 (2020).

In 2017, the trial court, acting through Judge Grensky, awarded custody of A to father. In June 2018, mother moved to change custody, alleging that father was (1) failing to meet A's medical needs and (2) failing to meet her educational needs, failures that constituted changes in circumstances legally sufficient to permit a change in custody. Mother's motion was set for hearing in March 2019, this time before a different judge, Judge Barnack. At the start of the hearing on the motion, mother, through her attorney, told the court that she did not have a legally sufficient basis to proceed on the custody-change motion, that mother was withdrawing that motion, and that she would, instead, seek increased parenting time. Although the court ultimately said that it was mother's decision whether to proceed, it did so only after extended remarks stating erroneously that the only reason that Judge Grensky awarded custody to father was that he was likely to take A to counseling, taking father to task for not showing up at a six-month status conference (in fact, it had been mother who had failed

to appear at the conference), and outlining its preliminary thinking about what custody arrangement would be in A's best interests now that it appeared that she was no longer going to counseling.[1]

Ultimately, the trial court determined that a change in custody was warranted. In so doing, the court did not find that mother had proved the changes in circumstances alleged by mother (likely because A's pediatrician and special-education coordinator testified that father was appropriately meeting A's needs). Instead, the court identified four different qualifying changes in circumstances, none of which had been alleged by mother: (1) that father had violated the order awarding custody to him by not taking A to counseling; (2) that father was not facilitating A's relationship with mother; (3) that father was not providing information about A's medical and educational needs; and (4) that A had a relationship with K, mother's daughter and A's half-sister. It then determined that it was in A's best interests that mother have custody.

Father sought reconsideration to present evidence contradicting the unalleged changes in circumstances on which the trial court based its decision and to address factual mistakes contained in the court's statements on the record that appeared to influence its judgment. That motion was heard first and denied by the court, still acting through Judge Barnack. Then, Judge Barnack recused himself and the motion was heard again by the court's presiding judge, Presiding Judge Gerking. The court, acting through Presiding Judge Gerking, denied the motion for reconsideration. It explained:

---

[1] Presiding Judge Gerking, who took over the case after Judge Barnack recused himself from further proceedings, described what happened as follows:

"[Father] appears pro se;

"[Mother's attorney] represents to the court that there is probably insufficient evidence of a change of circumstances to proceed on the issue of custody change;

"Judge Barnack advises the parties that he wishes to consider the change of custody anyway; and

"Judge Barnack, at the conclusion of the hearing, changes custody of the parties' child to Mother."

"2.)  Although the undersigned Judge has, on rare occasion, agreed to reconsider/reexamine his own rulings or those pretrial rulings by another judge on a case where the undersigned judge is to preside over the trial, the undersigned judge will not play 'Monday morning quarterback' and reexamine a final appealable ruling by another judge, particularly when that judge has also denied a motion to reconsider. After all, the ORCPs do not even recognize motions to reconsider.

"3.)  In this case, the interests of finality of judgments take priority over a complete reexamination of the record in this case."

The court nevertheless stayed the custody-change judgment pending appeal insofar as it changed custody, although it allowed the parenting time arrangement contemplated by the judgment to take effect. The court expressed "a lack of faith and confidence in the correctness" of the determination that there had been a qualifying change of circumstances and concluded that "there is a likelihood it will be overturned on appeal." Based on that series of decisions, the court, still acting through the presiding judge because of Judge Barnack's recusal, entered judgment.

Father appealed. On appeal, he assigns error to the trial court's determination that there was a qualifying change of circumstances allowing for a change of custody. He argues that there was insufficient evidence to support that determination, contending that the evidence neither supports a finding that the circumstances had changed in the way alleged in mother's motion nor a finding that the circumstances had changed in the way determined by the court. In addition, as to the circumstances on which the court relied to change custody, he points out that he did not have notice that those would be at issue at the time of the hearing and, further, that the evidence presented in support of his motion for reconsideration affirmatively contradicts those determinations. Mother has not appeared on appeal.

This case, it should be evident, took some unusual turns. Mother sought to withdraw her custody motion, admitting that she did not have the evidence to support it, but the trial court essentially talked her into proceeding. Then, when father's witnesses contradicted mother's allegations in

her motion—something mother apparently had anticipated at the time she attempted to withdraw her motion—the court on its own identified new reasons for changing custody that mother had not suggested and to which father, who was self-represented, had no reasonable opportunity to respond with evidence.

Further, at no time did the trial court appear to take into account the applicable legal standard: "[A] new development may be considered a legally sufficient change in circumstances only if it is shown that the change has 'injuriously affected the child' or affected the custodial parent's 'ability or inclination to care for the child in the best possible manner.'" *Botofan-Miller*, 365 Or at 520-21 (quoting *Boldt*, 344 Or at 9). Instead, the court's analysis was different: that, because A was no longer going to counseling, and because A's need for counseling, in the court's view, was the only reason father had been awarded custody, then "that's no longer an issue, so here we are. So basically, we're starting all over."

This chain of events led the trial court to reach an erroneous decision, something that could have been averted if the court had simply accepted mother's representation, through counsel, that she was withdrawing her motion to change custody, which was entirely within mother's rights to do. As the parties both appeared to recognize below, when the record in this case is viewed in light of the correct legal standard, there is insufficient evidence to support the trial court's determination that there had been a qualifying change. We therefore reverse the judgment on appeal insofar as it ordered a change in custody from father to mother.

Reversed and remanded.