864　　　　　　March 18, 2026　　　　　No. 214

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Amy Ruth PICKARD,
*Petitioner-Respondent,*

*v.*

Christopher Scott BLAND,
*Respondent-Appellant.*

Multnomah County Circuit Court
14DR04468; A186666

Patrick W. Henry, Judge.

Submitted January 20, 2026.

Christopher Bland filed the brief *pro se*.

No appearance by respondent.

Before Aoyagi, Presiding Judge, Kamins, Judge, and Pagán, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Father appeals a supplemental judgment denying his motion to modify custody and parenting time. He contends that the trial court erred in four respects: (1) by not granting him legal custody of the child; (2) by not applying the best-interest factors in ORS 107.137; (3) by denying the child frequent and continuing contact with father in contravention of ORS 107.101; and (4) by making improper and negative findings against father that are unsupported by the record. Mother did not file a brief in response. For the reasons explained below, we affirm.

As a preliminary matter, we address the standard of review. Father has requested *de novo* review. *De novo* review is discretionary and generally disfavored, such that we provide it only in exceptional circumstances. ORS 19.415(3)(b); ORAP 5.40(8)(c). Having reviewed the record, we are unpersuaded that *de novo* review is warranted and therefore apply the normal standards for appellate review.

Mother and father have one joint child, S, born in 2013. In 2015, the trial court entered a judgment regarding custody, parenting time, and child support, based on an agreement of the parties. Mother was awarded legal custody of S, and her home was designated as S's residence. Father was given weekly parenting time and ordered to pay $242 of monthly child support. In April 2021, the trial court entered a supplemental judgment reducing father's monthly child support obligation to $100. In March 2023, the trial court entered a supplemental judgment changing father's parenting time—using a series of "phases" that culminated after three months with father having parenting time "every Monday after school (or at 9:00 a.m. if there is no school) until 7:00 p.m." and "every other weekend from 9:00 on Saturday to 6:00 p.m. on Sunday."

In December 2023, father filed another motion to modify, asking that he be given sole legal custody of S and that mother be granted parenting time. In connection with that motion, mother stipulated to having used illicit drugs in September 2023, and she provided father with records showing that she was in drug treatment and that her urinalysis

results were all negative since starting treatment. The merits hearing was held in September 2024. Father argued for a change of custody based on mother being drug addicted and consequently unfit. Father was skeptical of mother's urinalysis results and asserted that she must be manipulating them. Father also cited S's school tardiness as relating to mother using drugs. The trial court was unpersuaded by father's evidence, including being unpersuaded that mother was unable to appropriately care for S, and it ultimately declined to modify custody or parenting time. The court ordered custody, parenting time, and child support to remain the same, *i.e.*, the same as ordered in the March 2023 supplemental judgment.

*Legal Custody.* We begin with the first and second assignments of error, which challenge the trial court's denial of modification of custody. The Supreme Court has established a two-step inquiry for courts to follow in deciding whether to modify custody. *Boldt and Boldt*, 344 Or 1, 9, 176 P3d 388, *cert den*, 555 US 814 (2008). The parent seeking a change of custody must prove (1) that, since entry of the original custody judgment or the last judgment modifying custody, "circumstances relevant to the capacity of either the moving party or the legal custodian to take care of the child properly have changed," and (2) "considering the asserted change of circumstances in the context of all relevant evidence, it would be in the child's best interests to change custody from the legal custodian to the moving party." *Id.* "[A] new development may be considered a legally sufficient change in circumstances only if it is shown that the change has injuriously affected the child or affected the custodial parent's ability or inclination to care for the child in the best possible manner." *Botofan-Miller and Miller*, 365 Or 504, 520-21, 446 P3d 1280 (2019), *cert den*, ___ US ___, 141 S Ct 134, 207 L Ed 2d 1079 (2020) (internal quotation marks omitted). If a change in circumstances is proved, the court proceeds to the best-interests analysis, looking to the factors listed in ORS 107.137. *Id*.

On appeal, father focuses on the best-interest issue, arguing that it was contrary to S's best interests to remain in mother's legal custody and that the court failed to

properly consider the best-interest factors in ORS 107.137. The difficulty with that argument is that the trial court did not find a qualifying change of circumstances to have occurred, because it was unpersuaded by father's evidence in that regard, so it never reached the issue of best interests. *See Boldt*, 344 Or at 9 ("When there is insufficient evidence of a change in circumstances since the last custody determination, a court does not consider the second step of the analysis.").

To the extent that father means to challenge the trial court's determination that there was not a qualifying change in circumstances, or its findings underlying that determination, we reject that argument as well. The court acknowledged that mother had suffered a relapse and used drugs in 2023, but it expressly found that mother had been sober since September 2023. Father may disagree with that finding, but there is evidence in the record to support it. *Botofan-Miller*, 365 Or at 505 (the facts pertinent to the change-in-circumstances decision are to be viewed "in the light most favorable to the trial court's disposition," and the trial court's findings are to be upheld "if there is any evidence in the record to support them"). And, based on the findings as a whole, the trial court did not err in determining that mother remained able to care for S, such that there had not been a qualifying change in circumstances for custody-modification purposes. *See Ellis v. Kyker*, 309 Or App 26, 27, 480 P3d 1048 (2021) ("Whether an alleged change of circumstances is of the ilk that lawfully allows for a change of custody presents a question of law that we review for legal error where, as here, we do not exercise our discretion to review *de novo*."). Accordingly, we reject the first and second assignments of error.

*Contact with Father*. In his third assignment of error, father contends that by denying modification, the trial court denied S "frequent and continuing contact with" father, in contravention of ORS 107.101. *See* ORS 107.101(1) ("It is the policy of this state to * * * [a]ssure minor children of frequent and continuing contact with parents who have shown the ability to act in the best interests of the child[.]"). Father describes his parenting time as "substantially restricted"

and essentially argues that he is statutorily entitled to more parenting time.

We are unpersuaded. "The development of a parenting plan that is in the best interests of the children is within the trial court's discretion." *Wintle v. Martin*, 337 Or App 343, 345, 562 P3d 1148, *adh'd to as modified on recons*, 339 Or App 318, 569 P3d 719 (2025); *see also* ORS 107.102(5)(b) ("In developing a parenting plan under this subsection, the court may consider only the best interests of the child and the safety of the parties."); ORS 107.101(4) (describing it as the policy of the state to "[g]rant parents and courts the widest discretion in developing a parenting plan"). Even assuming *arguendo* that father's challenge to the amount of parenting time does not constitute an impermissible collateral attack on the March 2023 supplemental judgment (which set that amount of parenting time), we are unpersuaded that the trial court abused its discretion by not increasing father's parenting time.[1] *See Davison and Schafer*, 308 Or App 513, 518, 479 P3d 1108 (2021) (the trial court determines parenting time by evaluating what is in the best interests of the child, and our review is first for legal error and then for abuse of discretion in making the best-interests determination itself).

*Findings.* In his final assignment of error, father argues that the trial court made "improper negative findings against [f]ather that are unsupported by the record." Father specifically contests the court's findings or conclusions: (1) that father "continues to demonstrate inflexibility in his thinking regarding Mother's parenting capacity"; (2) that there was "objective evidence of Mother's compliance with her treatment and ongoing negative UAs"; (3) that father "failed to adequately address" any issues that he had in gaining access to S's electronic medical records; (4) that mother adequately cares for S; and (5) that it is best for S to have more limited time with father to reduce his "ability to undermine [S's] relationship with Mother."

---

[1] To the extent that father views the supplemental judgment on appeal as having *reduced* his parenting time, it is understandable that father may feel that way—because he had increased parenting time for nearly a year under a temporary order—but, legally, there was no reduction in parenting time, because only the last judgment is relevant to whether the court is changing parenting time. A temporary order is just that—temporary.

"We review the trial court's findings of fact for any evidence to support them, *** and its legal conclusions for errors of law." *Allco Enterprises v. Goldstein Family Living Trust*, 183 Or App 328, 330, 51 P3d 1275 (2002). Here, having reviewed the record in full, we disagree with father's view of the record. The trial court's findings are supported by evidence. We also note that the March 2023 findings provide important context for the January 2025 findings. We reject the fourth assignment of error.

*Conclusion.* Having considered and rejected each assignment of error for the reasons explained, we affirm the supplemental judgment denying modification of child custody, parenting time, and child support.

Affirmed.